IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH LEONARD ELLIS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4861 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas lawsuit challenging his conviction and fifty-year sentence for murder. Respondent filed a motion for summary judgment on April 11, 2019, and served petitioner a copy at his address of record that same date. (Docket Entry No. 9.) Despite expiration of a reasonable period of time in excess of sixty days, petitioner has failed to file a response to the motion, and the motion is uncontested.

Having considered the motion, the pleadings, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit for the reasons explained below.

*Background and Claims*

Petitioner was convicted of murder in Harris County, Texas, and sentenced to fifty years' imprisonment in December 2015. The conviction was affirmed on appeal, *Ellis v. State*, 2017 WL 2656527, No. 14–15–01059–CR (Tex. App.–Houston [14th

Dist.] 2017, pet. ref'd), and the Texas Court of Criminal Appeals refused discretionary review.

Petitioner's application for state habeas relief, filed with the trial court in July 2018, was denied by the Texas Court of Criminal Appeals on the findings of the trial court without a hearing in November 2018. Petitioner timely filed the instant federal habeas petition, raising the following grounds for habeas relief:

1. Petitioner was denied his counsel of choice.

2. Trial counsel was ineffective in failing to request a self-defense jury instruction.

3. Trial counsel was ineffective in failing to object to the exclusion of African Americans on the jury.

4. Trial counsel was ineffective in objecting to testimony from a State's witness that supported his claim of self-defense.

Respondent argues that petitioner's claims should be summarily dismissed as they are without merit. Respondent further argues that petitioner's second ground for relief is unexhausted, procedurally defaulted, and barred from consideration by this Court.

*Factual Background*

The intermediate state court of appeals set forth the following statements of fact in its opinion affirming petitioner's conviction:

> The complainant Ronald Willis, Sr. ("Willis") and Josephine Edwards had two children together, a son and a daughter. After Willis and Edwards ended their relationship, their grown children lived with Edwards in an apartment. In August 2013, Edwards was dating [Ellis].
> Late in the evening on August 6, 2013, Ronald Willis, Jr. ("Ronald"), drove his father, Willis, and his maternal uncle, Donald Anderson, to

Edwards' apartment. The purpose of the visit was to surprise Edwards for her birthday with groceries and to allow Willis to discuss with Edwards burial arrangements for Willis' girlfriend who had recently passed away.

[Ellis] was at Edwards' apartment on August 6, 2013, when Ronald, Willis, and Anderson arrived. [Ellis] was upset by the unexpected visit and asked Willis to leave. [Ellis] held a large stick in his hand as he spoke with Willis. When Willis refused to leave the apartment, [Ellis] called the police to report a disturbance. [Ellis] picked up a flashlight, holding both the stick and flashlight while speaking with Willis.

After [Ellis] called the police, Anderson left the apartment and waited in the car. Edwards tried to convince Ronald and Willis to leave. When they did not, Edwards went to a neighbor's apartment. Thereafter, Ronald left the apartment to tell Anderson that Willis was about ready to leave, leaving [Ellis] and Willis alone in the apartment. After waiting at the car five or ten minutes for Willis, Ronald began to walk back to the apartment to find out what was keeping him. As Ronald walked around the side of the building, he heard a loud "whop" noise. Ronald saw his father lying on the ground with [Ellis] standing over him holding the large stick. Ronald then observed [Ellis] strike his father with the stick. Ronald exclaimed, "Oh, my God, you hit my dad." [Ellis] turned to Ronald and said that he was "next." Ronald ran back to the parking lot and called the police.

The Houston Police Department responded to the call. When officers arrived, they saw [Ellis] standing on the front porch of the apartment with a large stick in his hand. The officers observed Willis lying in the grass unconscious with a large pool of blood expanding behind his head. [Ellis] was ordered to drop the stick and was taken into police custody. Willis was transported to a nearby hospital where he died. Willis had sustained severe blunt head and neck trauma: his left cheekbone was fractured, his skull was fractured behind his left ear, and a bone in his larynx was fractured. Police did not locate any witnesses; however, a 33–inch stick and a 12–inch flashlight were recovered. Blood was observed inside and outside the apartment.

[Ellis] gave police a video recorded statement claiming that as he held the stick and the flashlight, Willis said that he was "going to make [appellant] use that stick . . . ." and "[h]e scared me, man." According to [Ellis], Willis was acting strange; he was on his knees, slapping the floor and

3

begging [Ellis] to hit him. [Ellis] claimed that Willis came towards him so he hit Willis across the face with the flashlight. [Ellis] asserted that he ran outside the apartment because he was worried about becoming trapped inside. [Ellis] alleged that Willis followed him out of the apartment and put his fists up to fight. In response, [Ellis] claimed he threw the flashlight at Willis, hitting Willis' head. As Willis began to fall to the ground, [Ellis] struck him again in the face with the stick. [Ellis] claimed he did not know why he hit Willis again, but that he was overcome by emotion.

[Ellis] was charged with the murder of Willis. The charge was enhanced by two prior felony convictions. He pled "not guilty," and the case was tried to a jury. [Ellis]'s video recorded statement was admitted into evidence; however, [Ellis] did not testify at trial. [Ellis] argued that he was entitled to a jury instruction on the law of self-defense because it was raised by [Ellis]'s description of the circumstances surrounding the homicide in his recorded statement. The trial court denied [Ellis]'s request. On December 11, 2015, the jury found him guilty and assessed punishment at fifty years in prison.

*Ellis*, Slip Op. *1–2.

## *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule

that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is

5

objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment Review*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must

be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Counsel of Choice*

Petitioner argues that the state trial court violated his constitutional right to counsel of his choice by denying his pretrial motion for appointment of new counsel.

Petitioner's argument raises no cognizable claim for federal habeas relief, as criminal defendants enjoy no Sixth Amendment right to representation by appointed counsel of their choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) (holding that "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them"); *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). The decision of which counsel to appoint an indigent defendant is within the sound discretion of the court. *Moreno v. Estelle*, 717 F.2d 171 (5th Cir. 1983); *see also Wheat v. United States*, 486 U.S. 153 (1988).

The Sixth Amendment guarantees a defendant the assistance of reasonably effective counsel. *Strickland*, 466 U.S. at 688. That petitioner in the instant case was not satisfied with trial counsel's representation does not constitute a violation of his Sixth Amendment rights. To the contrary, the trial court on state collateral review expressly found that petitioner had received reasonably effective assistance of counsel. *Ex parte Ellis*, at 36. Thus, petitioner was afforded his constitutional rights under the Sixth Amendment.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Procedural Default and Bar*

Petitioner next complains that trial counsel was ineffective in failing to request a self-defense jury instruction. As correctly argued by respondent, petitioner did not raise this claim on state collateral review, and the claim is unexhausted. Moreover, an attempt by petitioner at this late date to return to state habeas court to raise this issue would be disallowed as an abuse of the writ. *See* TEX. CODE CRIM. PROC. art. 11.07 § 4; *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000) (holding that article 11.07, section 4 of the Texas Code of Criminal Procedure applies to all subsequent habeas applications).

Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause and prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Ries v. Quarterman*, 522 F.3d 517, 523–24 (5th Cir. 2008). Petitioner did not address the issue of exhaustion in his federal habeas petition, and he did not respond to the exhaustion and procedural bar issues in a response to the motion for summary judgment. Consequently, he has not alleged or demonstrated cause for the default and actual

prejudice, or shown that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claim.

Even assuming petitioner's claim were properly before this Court, petitioner cannot establish deficient performance under *Strickland*. The intermediate state court of appeals held on direct appeal that petitioner was not entitled to a jury instruction on self-defense based on the applicable state law and evidence presented at trial. The state court's application and determination of state law is binding on this Court, as it is not the province of a federal district court sitting in habeas to reexamine state court determinations on state law questions. *See Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). Because petitioner was not entitled to a self-defense jury instruction under state law, counsel was not deficient in failing to request the instruction. *See Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007); *Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006).

Petitioner's second ground for federal habeas relief is procedurally defaulted and barred from consideration by this Court. Respondent is entitled to summary judgment dismissal of petitioner's claim.

### *Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668

(1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id*. at 687. The failure to demonstrate deficient performance or prejudice is fatal to a *Strickland* claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard,

unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

The Supreme Court recently emphasized in *Richter* the manner in which a federal court is to consider an ineffective assistance of counsel claim raised in a habeas petition subject to AEDPA's limitations:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (internal quotation omitted).

In the context of reviewing claims of ineffective assistance, the Supreme Court and Fifth Circuit have directed federal habeas courts to exercise great caution to avoid the distorting effects of hindsight. *See Premo v. Moore*, 562 U.S. 115 (2011) ("In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel."); *Bell v. Cone*, 535 U.S. 685, 698 (2002) (confirming that judicial scrutiny of a counsel's performance must be highly deferential and that every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

11

conduct from counsel's perspective at the time). These same standards apply to claims against trial counsel and appellate counsel alike.

Petitioner claims that trial counsel was ineffective in two instances, one involving a failure to object and a second involving an inappropriate objection.

*Racial Exclusion*

Petitioner contends that trial counsel was ineffective in failing to object to the exclusion of African Americans from the jury pool, panel, and jury. He argues that, when the trial court seated the jurors and asked if counsel had any objections, both trial counsel and the State said they had no objections. 2 R.R. 199, Lines 1–6.

To prevail on this claim, petitioner must (1) establish that the group against whom discrimination is alleged is a recognizable, distinct class, singled out for different treatment under state laws, as written or applied; (2) prove the degree of under-representation by comparing the proportion of the group in the total population to the proportion called to serve as grand jurors over a significant period of time; and (3) support the presumption thus created by showing that the selection procedure is susceptible to abuse or not racially neutral. *See United States v. McKinney*, 53 F.3d 664, 671 (5th Cir. 1995).

In rejecting petitioner's racial exclusion claim on state collateral review, the trial court expressly found that, "The applicant fails to show that blacks were improperly excluded from the jury, and thus, fails to show that counsel erred by not objecting to the

jury as seated." *Ex parte Ellis*, at 36 (Finding of Fact No. 7). The trial court further found that petitioner failed to show he was denied effective assistance of counsel, and that the totality of the representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of counsel. *Id*. (Findings of Fact No. 12, 13). The trial court made conclusions of law that, "The applicant's conclusory claims that blacks were improperly excluded from the jury, without proof, are insufficient to show that the applicant is entitled to habeas relief," and that counsel's representation of petitioner was objectively reasonable and constitutionally sufficient. *Id*., at 37 (Conclusions of Law No. 2, 4, 5, 6, 7). The Texas Court of Criminal Appeals expressly relied on these findings of fact and conclusions of law in denying habeas relief. *Id*., at cover.

The state court record in this case does not indicate the racial demographics of the jury pool, panel, or jury in petitioner's case. Petitioner's argument of racial exclusion is conclusory and unsupported by any probative evidence in the record, and he fails to show grounds upon which counsel should have objected. Petitioner establishes neither deficient performance nor actual prejudice, and his claim is without merit.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Inappropriate Objection*

Petitioner also complains that counsel was ineffective in objecting to evidence from a State's witness that he claims helped his defense. Specifically, he contends that counsel improperly objected to testimony of Ronald Willis, Jr., the complainant's son, who stated that he saw petitioner take a "pose of defense." According to petitioner, this would have shown that petitioner was acting in self defense when he struck the complainant.

The state court record shows that, during the State's examination of Ronald Willis, Jr., Willis testified that, earlier during the evening of the offense, he saw petitioner swinging a large stick around, "as a pose of defense, I guess, to something that was not happening." 4 R.R. 154. Trial counsel objected and the court instructed the jury to disregard the statement. *Id*. Willis testified that he later heard a "whop," a loud noise, and saw petitioner standing over the complainant holding the stick. *Id*. at 158. He then saw petitioner hit the complainant again, and petitioner told Willis that "he was next." *Id*. at 160. Willis testified that during the earlier part of the evening, his father, the complainant, had not been angry or aggressive towards petitioner, and there had been no physical altercation between them. *Id*. at 163. Petitioner argues that counsel should not have objected to Willis's testimony that petitioner took "a pose of defense."

In rejecting petitioner's claim on state collateral review, the trial court made the following relevant findings of fact:

8. The Court finds based on the record that Willis testified that the complainant was not angry, aggressive, or violent toward the applicant, he had no weapons, and he did not strike the applicant.

9. The Court further finds that Willis never indicated that the applicant was justified in using self-defense against the complainant.

10. The applicant fails to show that Ronald Willis, Jr.'s testimony that the applicant took a "pose of defense" to "something that was not happening" would have been beneficial to his defense.

11. The applicant fails to show that counsel erred by objecting to testimony of Ronald Willis, Jr. indicating that the applicant took a "pose of defense" to "something that was not happening."

12. The applicant fails to show that he was denied his constitutional right to effective assistance of counsel.

13. The Court finds that the contents of official trial court records in cause number 1474975 demonstrate that the totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel.

*Ex parte Ellis*, at 36 (record citations omitted). The trial court further made conclusions of law that counsel that counsel's representation of petitioner was objectively reasonable and constitutionally sufficient. *Id.*, at 37 (Conclusions of Law No. 4, 5, 6, 7). The Texas Court of Criminal Appeals expressly relied on these findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

Willis's statement that petitioner took "a pose of defense" was in reference to petitioner's behavior long before his physical attack on the complainant. Petitioner's "pose" was not in response or reaction to any conduct on the part of the complainant, and

had no rational bearing on petitioner's criminal conduct later that evening. In short, petitioner does not establish that Willis's comment was beneficial to the defense.

Petitioner's bald disagreements with the trial court's findings of fact and conclusions of law are insufficient to meet his burden of proof under the AEDPA standard of review. Neither petitioner nor the record establish that but for counsel's actions in objecting to Willis's statement, there is a reasonable probability that the result of the trial would have been different.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## *Conclusion*

The motion for summary judgment (Docket Entry No. 9) is GRANTED and this habeas lawsuit is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas, on June 28, 2019.

_____
Gray H. Miller
Senior United States District Judge